**FILED**
**U.S. District Court**
**District of Kansas**
04/22/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

TEILL REYNOLDS,

**Plaintiff,**

v.                                                             CASE NO. 26-3074-JWL

ARTHUR D. PEREZ, JR., et al.,

**Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Teill Reynolds, a state prisoner currently incarcerated at Lansing Correctional Facility ("LCF") in Lansing, Kansas, Kansas, filed this civil action on March 30, 2026, and has now filed a complaint upon the required, court-approved form. (Docs. 1 and 5.) Plaintiff is hereby required to show good cause, in writing to the Honorable John W. Lungstrum, United States District Judge, why certain portions of this action should not be dismissed due to the deficiencies that are discussed in this order. Plaintiff is also given the opportunity to file an amended complaint to cure the deficiencies.

### I.     Fee Status

When Plaintiff began this case, he submitted a motion for leave to proceed in forma pauperis. (Doc. 2.) The financial information he submitted with his motion did not comply with the statutory requirements because it was not recent enough, *see* 28 U.S.C. § 1915(a)(2), so the Court issued a notice of deficiency directing Plaintiff to "submit your account statement for the appropriate six-month period." (Doc. 3, p. 1.) On April 15, 2026, Plaintiff submitted another copy of the outdated account statement as well as documentation showing that he is unable to obtain a more recent account statement because central inmate banking is currently unable to print them.

1

(Doc. 4.) In light of this information, the Court will provisionally grant Plaintiff leave to proceed in forma pauperis. Plaintiff must, however, continue his attempts to obtain an account statement for the appropriate six-month period and he must submit the proper account statement as soon as he is able to do so, at which time an initial partial filing fee may be calculated and assessed.

## II.    Scope of Initial Review

As a threshold matter, the Court emphasizes to Plaintiff that it has conducted the required screening of the complaint based only on the information in the complaint that was submitted on the required, court-approved form and was filed on April 16, 2026. (Doc. 5.) Information, allegations, and parties that were included in the initially filed pleading (Doc. 1) but not included in the complaint submitted on the required form (Doc. 5) were not considered. For example, Plaintiff named the Kansas Department of Corrections ("KDOC") as a defendant in his initial pleading. (Doc. 1.) But in the complaint submitted on the required form, Plaintiff did not identify the KDOC as a defendant. Thus, as this case now stands, the KDOC is not a defendant to this case.

Similarly, Plaintiff included in his initial pleading certain factual allegations that are not included in the complaint that was submitted on the required form. Those factual allegations were not considered by the Court in the initial review discussed in this order. As noted above, Plaintiff will be given time in which to file an amended complaint on the required form. Plaintiff should ensure that all defendants and claims are included in the amended complaint, as are sufficient factual allegations to state a plausible claim for relief against each named defendant.

## III.    Nature of the Matter before the Court

In the complaint now before the Court, Plaintiff names as Defendants Captain Arthur D. Perez, Jr. and COI Enoch A. Baidoo, both of whom work at LCF. (Doc. 5, p. 1-2.) As the background to this case, Plaintiff states that he has a medical condition or disability that requires

him to wear certain shoes. *Id.* at 2. Because he was wearing the necessary shoes, he was not allowed to attend visitation with his father. *Id.*

Liberally construing Count I, Plaintiff asserts the violation of his rights under the First Amendment to the United States Constitution and Title II of the Americans with Disabilities Act ("ADA"). *Id.* at 3. As supporting facts for Count I, Plaintiff alleges that on December 20, 2025, Defendants Perez and Baidoo, along with another unnamed officer, denied Plaintiff visitation because he was wearing medically required shoes. *Id.* Liberally construed, the complaint appears to allege that Plaintiff provided documentation of his being authorized to wear the shoes but Defendant Perez stated that Plaintiff had "made up the fake documentation." *Id.*

Defendant Perez called the LCF medical clinic and directed Officers Shimi and Zelk to search Plaintiff's room for other shoes and boots, which Plaintiff did not have. *Id.* Medical clinic staff informed Defendant Perez that Plaintiff has a medical condition that requires the shoes and that Plaintiff was in compliance with the relevant rules. *Id.* Despite Defendant Perez telling Officers Shimi and Zelk that the clinic acknowledged Plaintiff's foot condition, Defendant Perez nevertheless denied Plaintiff his visit. *Id.*

In Count II, Plaintiff asserts that "[t]he defendants discriminated against [his] medical condi[t]ion with intentionally infliction of emotional distress. Of Title III. [*sic*]" *Id.*. As supporting facts for Count II, Plaintiff states only : "Reynolds documentation of his Polex showing he was approved and in compliance with KDOC. [*sic*]" *Id.* In Count III, Plaintiff asserts that "[t]he defendants violated [his] Eighth [Amendment] right under Title II of discrimination of Plaintiff[']s disability that was negligent, infliction of emotional distress. [*sic*]" *Id.* at 4. As supporting facts for Count III, Plaintiff states only: "KDOC auth[o]rizing Plaintiff to order his shoes from outside sour[c]e." *Id.*. As relief in this case, Plaintiff seeks an order terminating the employment of each

3

defendant; $6,000,000 in compensatory damages; and $500,000 for emotional damage. *Id.* at 5.

## IV.    Screening Standards

Because Plaintiff is a prisoner and proceeds in forma pauperis, the Court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). During this screening, the Court liberally construes a pro se complaint such as this one and holds it to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted).

The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, at 550 U.S. at 570).

## V.   Discussion

### A.  Relief Requested

Plaintiff asks this Court to order that Defendant Perez or any other LCF employee be fired, but that request for relief is subject to dismissal because this Court lacks the authority to grant it. *See Belles v. Lasswell*, 2020 WL 5993261, *1 (D. Kan. Oct. 9, 2020) (unpublished) (addressing the plaintiff's request in a § 1983 action for the termination of a defendant's employment and collecting cases showing that this Court "is without authority to grant such relief"). Similarly, Plaintiff seeks to recover money damages for his claim under Title III of the ADA, but that request for relief is subject to dismissal because "monetary relief is not available to private litigants under Title III of the ADA." *See Lewis v. Burger King*, 361 F. App'x 937, 938 n.1 (10th Cir. 2010).

Plaintiff's requests for compensatory and emotional damages are barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e). "The plain language of the statute does not permit alteration of its clear damages restrictions on the basis of the underlying rights being asserted." *Searles v. Van*

*Bebber*, 251 F.3d 869, 876 (10th Cir. 2001). "The statute limits the remedies available, regardless of the rights asserted, if the only injuries are mental or emotional." *Id*. (citing *Robinson v. Page,* 170 F.3d 747, 748 (7th Cir.1999)).

### B. Defendant Baidoo

Defendant Baidoo is subject to dismissal from this case because the complaint does not sufficiently allege his personal participation. An essential element of a civil rights claim under § 1983 against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). "[V]icarious liability is inapplicable to . . . § 1983 suits, [so] a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

In other words, a viable § 1983 claim must establish that each defendant caused a violation of Plaintiff's constitutional rights. *See Walker v. Johiuddin*, 947 F.3d 1244, 1249 (10th Cir. 2020) (quoting *Pahls v. Thomas*, 718 F.3d 1210, 1228 (10th Cir. 2013)). Even liberally construing the complaint and taking all well-pleaded factual allegations therein as true, the only references to Defendant Baidoo are that he was "on duty" and he "was working visitation" alongside Defendant Perez and another officer. (Doc. 5, p. 1-3.) Plaintiff also alleges that Defendant Baidoo "discriminated against [Plaintiff] because of [his] medical shoes and [his] foot condi[]tion," but this is the type of conclusory assertion without specific supporting facts that does not state a plausible claim for relief. Because the complaint does not allege specific actions or inaction by Defendant Baidoo, Plaintiff has failed to state a claim against Defendant Baidoo under 42 U.S.C. § 1983.

Again, the Court recognizes that the initial pleading filed by Plaintiff (Doc. 1) included

6

additional allegations regarding Defendant Baidoo, but all of the relevant factual allegations must be included in the most recent complaint, which at this time is the complaint filed on the required form (Doc. 5). Plaintiff will be granted time in which to file a complete and proper amended complaint on the required form that contains sufficient factual allegations to state a plausible claim against Defendant Baidoo.

### C. Count II

Count II is subject to dismissal because it fails to state a plausible claim for relief against a named Defendant. Plaintiff asserts generally in Count II that Defendants discriminated against him based on his "medical condi[]tion with intentional[] infliction of emotional distress" and Plaintiff refers to Title III, presumably of the ADA. (Doc. 5, p. 3.) As the United States Supreme Court recognized, the ADA "forbids discrimination against persons with disabilities in three major areas of public life" including "public accommodations, which are covered by Title III." *See Tennessee v. Lane*, 541 U.S. 509, 516-17 (2004). Under Title III, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

The ADA provides several examples of entities that "'are considered public accommodations,'" including "'a laundromat, dry-cleaner, bank, barber shop, beauty shop . . . funeral parlor, gas station . . . insurance office, professional office of a health care provider, hospital, or other service establishment.'" *Levorsen v. Octapharma Plasma, Inc.*, 828 F.3d 1227, 1230 (10th Cir. 2016) (quoting 42 U.S.C. § 12181(7)(F)). Although the Tenth Circuit has explained that this list is not exhaustive, *see id.*, it is notable that neither prisons nor jails are included. It does

not appear that the Tenth Circuit has directly addressed whether state prisons are "places of public accommodations" as that term is used in Title III of the ADA, but other United States District Courts within this circuit have concluded that they are not. *See Henry v. Wellpath LLC*, 2024 WL 5323679, *11 (D. Colo. Jan. 16, 2024) (unpublished report and recommendation) (holding that prisons and jails are "public entities" under Title II of the ADA and, therefore, by definition, are not "places of public accommodation" under Title III of the ADA); *Valdovinos-Blanco v. Vaughn*, 2012 WL 13076554, * (D. N.M. April 12, 2012) (unpublished report and recommendation adopted on May 31, 2012) (concluding that "Title III's list of places of public accommodation . . . does not encompass prisons" and discussing two additional cases that concluded the same). Similarly, United States District Courts outside the Tenth Circuit have held that prisons are not places of public accommodation under Title III. *See Gross v. Landry*, 2019 WL 1270922, *10 (D. Me. Mar. 19, 2019) (unpublished recommended decision adopted at 2019 WL 1756522 (D. Me. April 19, 2019)) ("The weight of authority suggests that prisons and prison medical facilities are not 'public accommodations' within the meaning of the ADA. [Citations omitted.]").

Moreover, as noted above, Plaintiff seeks monetary damages in this case and "monetary relief is not available to private litigants under Title III of the ADA." *See Lewis*, 361 F. App'x at 938 n.1. In short, Count II appears to assert a claim under Title III of the ADA, but prisons are not places of public accommodation as are bound by Title III, nor is the relief Plaintiff seeks available under Title III. Thus, Count II is subject to dismissal because it fails to state a plausible claim for relief against a named Defendant.

### D. Count III

Even liberally construed, the legal and factual basis for Count III is unclear. Plaintiff asserts: "The defendants violated Plaintiff Eighth Amendment right under Title II of

8

discrimination of Plaintiffs disability that was negligent, infliction of emotional distress. [*sic*]"
(Doc. 5, p. 4.) As supporting facts, Plaintiff states only: "KDOC auth[o]rizing Plaintiff to order
his shoes from outside sour[c]e." *Id.*

If Plaintiff intends in Count III to allege that discrimination against him because of his
medical shoes violated Title II, that claim already is asserted in Count I of the complaint, which
appears to state a plausible claim for relief. If Plaintiff intends in Count III to bring an Eighth
Amendment claim, he has failed to allege sufficient facts to support a plausible claim; Plaintiff has
not explained which Defendant violated his Eighth Amendment rights, when the violation
happened, or what events in particular violated his rights. If Plaintiff intends in Count III to raise
a state law claim of negligent infliction of emotional distress, he has similarly failed to allege
sufficient facts to state a plausible claim. As it is set forth in the complaint currently before the
Court, therefore, Count III is subject to dismiss for failure to state a claim.

## VI.    Conclusion

As explained above, certain portions of this matter are subject to dismissal. Plaintiff will
be granted time in which to show cause, in writing to the Honorable John W. Lungstrum, United
States District Judge, why Count II, Count III, Defendant Baidoo, and the requests for
compensatory damages and an order directing the termination of Defendants' employment should
not be dismissed for the reasons stated in this order. In the alternative, Plaintiff may file a complete
and proper amended complaint on the required, court-approved form that cures the deficiencies
identified in this order.

In order to add claims or significant fact allegations, Plaintiff must submit a complete
amended complaint. See Fed. R. Civ. P. 15. An amended complaint does not simply supplement
the original complaint; it completely replaces it. *See Tufaro v. Okla. ex rel. Bd. of Regents of Univ.*

9

*of Okla.*, 107 F.4th 1121, 1137 (10th Cir. 2024) ("'[A]n amended complaint supersedes a prior complaint "and renders it of no legal effect."'" [Citation omitted.]"). Therefore, any claims or allegations that Plaintiff does not include in the amended complaint will not be before the Court. Plaintiff may not simply refer to an earlier pleading; the amended complaint must contain all allegations, claims, and exhibits that Plaintiff intends to pursue in this action, including those to be retained from the initial complaint.

Plaintiff must write the number of this case (26-3074) at the top of the first page of his amended complaint. He must name each defendant in the caption of the complaint and again refer to each defendant in the body of the complaint. In each count of the amended complaint, he must adequately identify the federal constitutional provision or law he believes was violated and he must allege sufficient facts to show that each defendant personally participated in at least one of the federal violations alleged in the complaint, including dates, locations, and circumstances. Plaintiff may attach additional pages to the required form if necessary, but he should not utilize the form only to refer the Court generally to an attached memorandum. If Plaintiff fails to timely file an amended complaint, the Court will proceed on the current complaint, parts of which may be dismissed for the reasons stated herein without further prior notice to Plaintiff.

**IT IS THEREFORE ORDERED** that the motion for leave to proceed in forma pauperis (Doc. 2) is provisionally granted. Plaintiff must continue his efforts to obtain the appropriate account statement and submit it to this Court for filing in this case as soon as he is able to do so, at which time an initial partial filing fee may be calculated and assessed.

**IT IS FURTHER ORDERED** that Plaintiff is granted to and including **May 22, 2026**, in which to show cause, in writing to the Honorable John W. Lungstrum, United States District Judge,

why certain portions of this action should not be dismissed due to the deficiencies that are discussed in this order. In the alternative, Plaintiff may file, on or before **May 22, 2026**, a complete and proper amended complaint, on the required, court-approved form, that cures the deficiencies. The clerk shall send to Plaintiff the appropriate form for filing an amended complaint if he chooses to do so.

      **IT IS SO ORDERED.**

      DATED:  This 22nd day of April, 2026, at Kansas City, Kansas.

                         S/ James P. O'Hara
                         JAMES P. O'HARA
                         United States Magistrate Judge