**FILED**
**U.S. District Court**
**District of Kansas**
05/08/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

TEILL REYNOLDS,

      **Plaintiff,**

      **v.**                      **CASE NO.  26-3074-JWL**

ARTHUR D. PEREZ, JR., et al.,

      **Defendants.**


**MEMORANDUM AND ORDER TO SHOW CAUSE**

Plaintiff and Kansas prisoner Teill Reynolds brings this pro se civil rights action under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. Plaintiff is in custody at Lansing Correctional Facility ("LCF") in Lansing, Kansas and he has been provisionally granted leave to proceed in forma pauperis while he continues his attempts to obtain the account statement required by statute to support his motion for leave to proceed in forma pauperis. (*See* Doc. 6.) This matter comes now before the Court on Plaintiff's amended complaint (Doc. 7) and his response (Doc. 8) to the Court's order provisionally granting leave to proceed in forma pauperis, both filed May 4, 2026.

First, the Court has considered Plaintiff's response (Doc. 8) and advises Plaintiff that he need not file anything more related to his motion to proceed in forma pauperis until he obtains the required inmate account statement. But he must file his account statement with the Court as soon as possible once it becomes available so that the Court can calculate any initial partial filing fee due from Plaintiff. Additionally, the Court has conducted the statutorily required screening of the amended complaint and Plaintiff will be granted time to show cause, in writing, why certain claims should not be dismissed for the reasons set forth below.

1

### I.  Nature of the Matter Before the Court

Plaintiff began this case on March 30, 2026 by filing a complaint that was not on the required form. (Doc. 1.) He filed a complaint on the required form on April 16, 2020. (Doc. 5.) The Court screened that complaint (Doc. 5) and on April 22, 2026, United States Magistrate Judge James P. O'Hara issued a memorandum and order to show cause ("MOSC") identifying certain deficiencies in the complaint. (Doc. 6.) The MOSC directed Plaintiff to show cause to the undersigned why the deficient portions of the complaint should not be dismissed or, in the alternative, to file an amended complaint that cures the deficiencies. *Id.* Plaintiff has filed his amended complaint (Doc. 7), which is now before the Court.

The sole Defendant named in the amended complaint is LCF Captain Arthur D. Perez, Jr. (Doc. 7, p. 1.) Because all of the claims in the complaint are based on the same factual allegations, the Court will set them forth here. Plaintiff alleges that he was born with a medical condition that has been diagnosed by a Kansas Department of Corrections ("KDOC"). The condition requires Plaintiff to wear certain shoes, hereinafter referred to as "medical shoes," which differ from the shoes generally approved for inmates. *Id.* at 3; (Doc. 7-1, p. 2, 5). The only footwear Plaintiff has are medical shoes and medical boots, which have been approved by the KDOC. (Doc. 7-1, p. 4.) In October 2025, Plaintiff participated in visitation while wearing medical shoes. *Id.* at 2.

In December 2025, Plaintiff's father drove from Dallas, Texas to LCF to visit Plaintiff. *Id.* at 3. When Plaintiff went to visitation on December 20, 2025 to see his father, an unidentified LCF officer stated he could not attend the visit because he was wearing medical shoes. *Id.* at 4. Plaintiff provided documentation of his need for medical shoes and KDOC's approval of the medical shoes, but LCF Officer Enoch Baidoo reiterated that Plaintiff could not go to visitation with medical

shoes. *Id.* At Officer Baidoo's direction, Plaintiff then went to Defendant's office, where Defendant also told Plaintiff he could not attend visitation with medical shoes. *Id.*

Plaintiff gave Defendant the documentation related to his medical shoes. *Id.* Defendant said the documents were "fake" and he was going to call the clinic. *Id.* Defendant then sent Plaintiff back to his assigned pod and sent an LCF Officer to search Plaintiff's cell for other shoes. *Id.* The search revealed no non-medical footwear and when that was reported to Defendant, Defendant acknowledged that Plaintiff had a medical foot condition, but he still denied Plaintiff the visit with his father. *Id.*

In Count I of this case, Plaintiff asserts that Defendant violated Title II of the ADA by discriminating against him because of his disability. (Doc. 1, p. 3.) Liberally construed, Count I also asserts a § 1983 claim that Defendant violated Plaintiff's First Amendment right to association by denying him visitation. (Doc. 1, p. 3.) In Count II, Plaintiff asserts that Defendant violated Title II of the ADA by failing to provide reasonable accommodation and allowing him to attend the visit wearing medical shoes. *Id.* In Count III, Plaintiff asserts a § 1983 claim that Defendant violated rights under the Equal Protection Clause of the Fourteenth Amendment by discriminating against him because of his medical condition. *Id.* at 4. As relief in this matter, Plaintiff seeks "$6,000,000 in compensatory damages and $500,000 for emotional d[a]mage due to being humiliated and being in fear th[a]t [Defendant] will do this again to [Plaintiff] or another disabled person like [him]." *Id.* at 5.

## II. Screening Standards

Because Plaintiff is a prisoner and provisionally proceeds in forma pauperis, the Court is required by statute to screen his amended complaint and to dismiss it or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant

immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). The Court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)(quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, at 550 U.S. at 570).

### III. Discussion

#### A. Relief Requested

In the MOSC, Judge O'Hara explained:

> Plaintiff's requests for compensatory and emotional damages are barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)."

> 42 U.S.C. § 1997e(e). "The plain language of the statute does not permit alteration of its clear damages restrictions on the basis of the underlying rights being asserted." *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001). "The statute limits the remedies available, regardless of the rights asserted, if the only injuries are mental or emotional." *Id*. (citing *Robinson v. Page,* 170 F.3d 747, 748 (7th Cir.1999)).

(Doc. 6, p. 5-6.) This remains applicable to the claims in the amended complaint now before the Court and the requests for monetary relief in the amended complaint are subject to dismissal. The Court finds, however, that the amended complaint could be liberally construed to seek injunctive or declaratory relief, which are not prohibited by 42 U.S.C. § 1997e(e).

### B.  Counts I and II

The Court has reviewed Counts I and II and concludes that, as they are pled in the amended complaint and attachments thereto, they are sufficient to survive the statutorily required screening. The Court notes, however, that with respect to the ADA claims in Counts I and II, Plaintiff may sue Defendant only in his official capacity. *See Garcia v. Schnurr*, 2021 WL 2413391, *4 (D. Kan. June 14, 2021) (unpublished) ("The proper defendant in a Title II ADA claim is the public entity itself or an official acting in his or her official capacity on behalf of the public entity.").

### C.  Count III

Count III of the amended complaint is subject to dismissal because it fails to state a plausible claim on which relief could be granted. As noted above, Count III asserts an Equal Protection claim. The Tenth Circuit has explained:

> "The Equal Protection Clause of the Fourteenth Amendment provides that no State shall 'deny to any person within its jurisdiction the equal protection of the laws.'" *A.N.*, 928 F.3d at 1196 (quoting U.S. Const. amend. XIV, § 1). This is "essentially a direction that all persons similarly situated should be treated alike." *A.M. ex rel. F.M. v. Holmes*, 830 F.3d 1123, 1166 (10th Cir. 2016) (quotations omitted).
>
> An equal protection claim may challenge legislation or the conduct of individual state actors. *See J.E.B. v. Alabama ex rel. T.B.*, 511 U.S. 127, 130-31,

114 S. Ct. 1419, 128 L. Ed. 2d 89 (1994); *Home Tel. & Tel. Co. v. City of L.A.*, 227 U.S. 278, 287-88, 33 S. Ct. 312, 57 L. Ed. 510 (1913). It "may be asserted with respect to a group or a 'class of one.'" *A.N.*, 928 F.3d at 1196 (quoting *A.M.*, 830 F.3d at 1166). The former is more common and concerns a "governmental classification[ ] that affect[s] some groups of citizens differently than others." *See Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601, 128 S. Ct. 2146, 170 L. Ed. 2d 975 (2008) (quotations omitted).

*Ashaheed v. Currington*, 7 F.4th 1236, 1250 (10th Cir. 2021). To proceed on an equal protection claim as a "class-of-one plaintiff," there must be allegations that others similarly situated in every material respect were intentionally treated differently and that the government's action was irrational and abusive. *Haik v. Salt Lake City Corp.*, 567 F. App'x 621, 631-32 (10th Cir. 2014); *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1216 (10th Cir. 2011).

Even liberally construing the pro se amended complaint and attachments thereto, Plaintiff has not identified any other individual who is similarly situated to Plaintiff in all material respects but was treated differently. Although he identifies Count III as bringing an Equal Protection claim, Plaintiff focuses in Count III on the ADA, discussing intentional discrimination and reasonable accommodation, which are claims already raised in Counts I and II, respectively. (*See* Doc. 7, p. 4; Doc. 7-1, p. 6-7.) Accordingly, Count III, which asserts an Equal Protection claim, is subject to dismissal for failure to state a claim on which relief could be granted..

## IV. Conclusion

For the reasons set forth above, Count III of the amended complaint and Plaintiff's requests for monetary relief in this matter are subject to dismissal. The Court further concludes that Counts I and II, as pled in the amended complaint and attachments thereto, are sufficient to pass the statutorily required screening of this case. Before the Court dismisses Count III and the requests for monetary relief and orders service on the Defendant, Plaintiff will be granted time in which to show cause, in writing, why Count III and his requests for monetary relief should not be dismissed.

6

If Plaintiff fails to do so, Count III and the requests for monetary relief will be dismissed and this case will proceed on Counts I and II, on which Plaintiff may seek declaratory and/or injunctive relief only.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **June 9, 2026,** in which to show cause, in writing, why Count III of the amended complaint and his requests for monetary relief should not be dismissed. If Plaintiff fails to timely reply to this order, those portions of the amended complaint will be dismissed without further prior notice to him and this matter will proceed only on Counts I and II.

**IT IS SO ORDERED**.

**Dated May 8, 2026, in Kansas City, Kansas.**

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

7