**FILED**
**U.S. District Court**
**District of Kansas**
08/20/2026
**Clerk, U.S. District Court**
**By: SND Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**TEILL REYNOLDS,**

**Plaintiff,**

**v.** **CASE NO. 26-3074-JWL**

**ARTHUR D. PEREZ, JR., et al.,**

**Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff and Kansas prisoner Teill Reynolds, who is currently incarcerated at Lansing Correctional Facility in Lansing, Kansas, filed this pro se civil rights action under 42 U.S.C. § 1983 in March 2026. His initial complaint (Doc. 1) was not filed on the required, court-approved form, so the Court issued a notice of deficiency directing him to re-submit the complaint on the form. (Doc. 3.) Plaintiff timely complied (Doc. 5) and the Court screened the complaint as required by statute. The Court then issued a memorandum and order to show cause ("MOSC") identifying deficiencies in the complaint that left portions of it subject to dismissal. (Doc. 6, p. 5-9.) The MOSC granted Plaintiff time to either show cause why those portions should not be dismissed or, in the alternative, file an amended complaint. *Id.* at 10-11.

On May 4, 2026, Plaintiff timely filed an amended complaint. (Doc. 7.) The Court screened the amended complaint and issued a second MOSC on May 8, 2026. (Doc. 9.) The second MOSC summarized the facts alleged in the amended complaint, then noted that Plaintiff's requests for monetary relief remained subject to dismissal for the reasons explained in the first MOSC. (Doc. 9, p. 2-5.) After holding that Counts I and II, as pled in the amended complaint and attachments

thereto against Defendant Perez in his official capacity, survived the statutorily required screening, the second MOSC explained that Count III failed to state a plausible claim for relief. *Id.* at 4-6.

Rather than immediately dismissing Count III and Plaintiff's requests for monetary relief, however, the second MOSC granted Plaintiff until June 9, 2026 to show cause, in writing, why those portions of the amended complaint should not be dismissed. *Id.* at 6. Plaintiff was cautioned that "[i]f [he] fails to do so, Count III and the request for monetary relief will be dismissed and this case will proceed on Counts I and II, on which Plaintiff may seek declaratory and/or injunctive relief only." *Id.* at 7. On May 22, 2026, the Court received from Plaintiff a second document titled "amended complaint." (Doc. 10.)

The clerk of this Court docketed the second amended complaint as a duplicate of the amended complaint (Doc. 7), but a closer examination reveals that the two documents are not identical; they differ with respect to Count III. (*Compare* Doc. 7, p. 4 *with* Doc. 10, p. 4; *Compare* Doc. 7-1, p. 6-7 *with* Doc. 10-1, p. 6-8.) The Court will therefore direct the clerk to alter the docket to reflect that the complaint filed on May 22, 2026 is a second amended complaint. Plaintiff did not further respond to the second MOSC, and the Court deferred ruling on whether to dismiss portions of the amended complaint until Plaintiff paid the filing fee. (*See* Doc. 14, p. 2.) The Court has now received the full filing fee from Plaintiff and will address the amended complaint and the second amended complaint.

Plaintiff filed an amended complaint (Doc. 7), which was screened in the second MOSC. The second MOSC granted Plaintiff "time in which to show cause, in writing, why Count III and his requests for monetary relief should not be dismissed." (Doc. 9, p. 6.) The Court did not grant Plaintiff leave in the second MOSC to file a second amended complaint. Thus, the second amended

complaint is unauthorized, in violation of Federal Rule of Civil Procedure 15(a).[1] The Court therefore will direct the Clerk to strike Plaintiff's second amended complaint at Doc. 10 and will grant Plaintiff a final opportunity to respond to the second MOSC at Doc. 9. The amended complaint at Doc. 7 remains the operative complaint in this case.

**IT IS THEREFORE ORDERED BY THE COURT** that the clerk shall alter the docket to reflect that the document filed on May 22, 2026 (Doc. 10) is a second amended complaint, not a duplicate of the amended complaint located at Doc. 7.

**IT IS FURTHER ORDERED** that the unauthorized second amended complaint (Doc. 10) is stricken from the record.

**IT IS FURTHER ORDERED** that Plaintiff is granted until and including September 21, 2026 to submit a single written response to the second MOSC (Doc. 9). The Clerk is directed to send Plaintiff a copy of the second MOSC (Doc. 9) with this order. If Plaintiff fails to timely submit a written response, Count III of the amended complaint and Plaintiff's requests for money damages will be dismissed from this matter without further prior notice to Plaintiff.

**IT IS SO ORDERED**.

**Dated August 20, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

[1] The Federal Rules of Civil Procedure apply to suits brought by prisoners. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Pro se litigants must "follow the same rules of procedure that govern other litigants." See *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel). The Court further notes that Plaintiff did not comply with Local Rule 15.1(a), which sets forth the requirements for filing a motion to amend a pleading that may not be amended as a matter of right. *See* D. Kan. L.R. 15(a).